***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted September 15, affirmed October 19, 2022, petition for
review denied February 9, 2023 (370 Or 740)

In the Matter of J. R. L.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

R. R.,
*Appellant.*

Linn County Circuit Court
20JU01457; A178222

Brendan J. Kane, Judge.

Ginger Fitch argued the cause for appellant. Also on the briefs was Youth, Rights & Justice.

Inge D. Wells, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Mother appeals from a judgment dismissing this dependency case and terminating wardship over her 15-year-old daughter, J. She raises three assignments of error, two of which challenge the bases for dismissal. In her other assignment, she contends that the juvenile court erred in failing to conduct an adequate permanency hearing producing an order containing the determinations required by ORS 419B.476(5)—specifically, that the efforts made by the Department of Human Services (DHS) to effectuate reunification were reasonable. As we will explain, we conclude that dismissal of juvenile court jurisdiction was correct given that the bases for jurisdiction were ameliorated and that, consequently, dismissal of J's commitment to the legal custody of DHS was also not in error; any error in the court's reasoning as to the latter was harmless. Finally, any error in failing to conduct a permanency hearing and make a reasonable-efforts finding was also harmless under these circumstances. Accordingly, we affirm.

The juvenile court took jurisdiction over J based on mother's admissions that she was not a custodial resource for J and that both parents could not meet J's mental health and behavioral needs.[1] As part of its disposition, the juvenile court committed J to the legal custody of DHS, and she was placed in a residential treatment facility. While at the facility, J committed acts that, if committed by an adult, would constitute fourth-degree assault and second-degree criminal mischief and, as a consequence, a juvenile delinquency petition was filed. Ultimately, J was adjudicated delinquent and was placed in the legal custody of the Oregon Youth Authority (OYA) for a period not to exceed three years.

J then moved to dismiss the dependency case. Mother objected to dismissal, arguing that she wanted to "retain her right to contest the reasonable efforts that DHS made" before any decision on dismissal. The juvenile court held that it could not order concurrent custody of a youth to both OYA and DHS and thus "doesn't have any authority to keep the case going." The court then dismissed the dependency

---

[1] Father is not a party to this appeal.

case and terminated wardship, and also dismissed commitment to DHS custody. Mother makes three challenges to that decision.

We begin with mother's second assignment of error, which challenges dismissal of the dependency case and termination of wardship over J. When a motion to dismiss is filed, the juvenile court "must determine whether the original bases for jurisdiction continue to pose a current threat of serious loss or injury" and, if so, the court must "assess the likelihood that that risk will be realized." *Dept. of Human Services v. T. L.*, 279 Or App 673, 685, 379 P3d 741 (2016). If the motion is filed when a child's permanency plan is reunification, the proponent of continuing jurisdiction "has the burden of showing that the conditions that were originally found to endanger the child persist." *Dept. of Human Services v. J. M.*, 260 Or App 261, 267, 317 P3d 402 (2013). When the basis of jurisdiction has ceased to exist, the juvenile court must terminate the wardship and dismiss the case. *T. W. v. C. L. K.*, 310 Or App 80, 90, 483 P3d 1237, *rev den*, 368 Or 515 (2021).

Here, dependency jurisdiction was based on mother's admissions that she was not a custodial resource for J and that both parents were unable to meet her needs. Now that J is in the legal custody of OYA—and indeed, mother agrees that J "will be best served" by that commitment—the bases for jurisdiction have been ameliorated. Mother has not met her burden to establish that the conditions that were originally found to endanger J for purposes of dependency jurisdiction persist. Consequently, the juvenile court did not err in dismissing the case.

In her third assignment of error, mother contends that the juvenile court erred in determining that it could not keep J in both DHS and OYA custody. Mother is correct that the juvenile court had the discretion to dismiss the commitment to DHS and continue J as a ward of the court in the dependency case but was not required to do so. *See* ORS 419B.337(7)(b) (providing that the juvenile court "may dismiss commitment of a ward to [DHS] if * * * [t]he ward has been committed to the custody of [OYA]"). However, because the court correctly dismissed dependency jurisdiction given

that the conditions giving rise to wardship had been ameliorated, dismissal of commitment to DHS was not in error. Even if the juvenile court mistakenly believed that it was required to dismiss the commitment to DHS in the dependency case, any error was harmless given its dismissal of the dependency case.

Finally, mother argues that the court was required to hold the case open for a permanency hearing. Unhappy with care J received while in DHS custody, mother wanted the court to hold a permanency hearing and determine that DHS had failed to make reasonable efforts to reunify the family as required by ORS 419B.476(5). DHS argues that mother did not preserve all of her arguments but, in any event, any error is harmless. Mother has not made a showing that the lack of a reasonable-efforts finding has any effect on her rights under the circumstances presented here and, therefore, any error is harmless.

Affirmed.